IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN POHL, | ) | CASE NO. 7:08CV5011 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| COUNTY OF FURNAS, a Nebraska Political Subdivision, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion in Limine (Filing No. 94). Defendant County of Furnas ("Furnas County") seeks to preclude the Plaintiff Justin Pohl ("Pohl") from presenting any evidence or making any reference, at the time of trial, to subsequent remedial measures undertaken by Furnas County, including evidence of or reference to the fact that a new sign was placed at a different location after the accident that gave rise to this action. Furnas County suggests that the evidence in inadmissible under Federal Rule of Evidence 407, and under Neb. Rev. Stat. § 27-407 (Reissue 2008), if it is offered to prove negligence or culpable conduct.

All three court decisions on which Furnas County relies[1] involved jury trials. The case at hand is scheduled for bench trial. Both parties have presented information to the Court in some detail, describing Furnas County's placement of the new sign on the roadway after the occurrence of the accident, so concerns about shielding the finder-of-fact from information that might give rise to unfair prejudice are not present in this case.

---

[1] *Johnson v. Arizona Department of Transportation*, 233 P.3d 1133 (Ariz. 2010); *First Security Bank v. Union Pacific Railroad Co.*, 152 F.3d 877 (8th Cir. 1998); *Radford v. Seaboard System Railroad, Inc.*, 828 F.2d 1552 (11th Cir. 1987).

Pohl suggests that evidence of Furnas County's placement of the new sign after his accident may be admissible for purposes of impeachment of Furnas County's expert witnesses in the event the experts testify that the pre-accident condition and placement of the sign were sufficient and appropriate, and for purposes of demonstrating the feasibility of the placement of the new sign.  While the Court is not persuaded that evidence of the newly placed sign is admissible under the feasibility exception to Rule 407, it remains to be seen whether such evidence may be admissible for purposes of impeachment.

Accordingly,

Defendant County of Furnas's Motion in Limine (Filing No. 94) is denied, without prejudice to the Defendant asserting its objections at the time of trial.

DATED this 31st day of May, 2011.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge